IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>  10 S. Howard Street, 3rd Floor<br>  Baltimore, MD  21201,<br><br>           **Plaintiff,**<br><br>      v.<br><br>**Weis Markets, Inc.**<br>  550 W. Macphail Road<br>  Bel Air, MD  21014<br><br>           **Defendant.** | Civil Action No.<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Anthony Caridi, who was adversely affected by such practices.  As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Weis Markets, Inc. ("Defendant" or "Weis") unlawfully discriminated against Caridi, a qualified individual with a disability, by subjecting him to repeated acts of harassment including calling him derogatory names, mocking his hand deformity, altering his job duties to include tasks beyond his physical limitations and discharging him based on his disabilities which include congenital hand deformity and hypertrophic cardiomyopathy, a disease which inhibits the cardiovascular system.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Weis has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees operating a supermarket in Bel Air, Maryland.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Caridi filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On April 30, 2015 the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On June 5, 201, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. Since at least November 2010, Defendant engaged in unlawful employment practices in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) by subjecting Caridi to harassment and termination based on his disabilities.

    a. Caridi began working for Defendant at its Bel Air, Maryland store in November of 2006. At all relevant times, Caridi was qualified as defined by the statute, and meeting Defendant's legitimate job expectations. He successfully performed the essential functions of the

meat cutter, custodian and parcel pick-up associate until he was discharged on or around March 14, 2011.

  b. Caridi suffers from a noticeable congenital deformity that causes both of his hands to appear to be twisted into a contorted position. In addition to having a visible cosmetic deformity, Caridi's condition impairs his ability to grip objects. Caridi also suffers from cardiomyopathy, a heart disease which inhibits the cardiovascular system. Due to the cardiomyopathy, Caridi's ability to push and lift is limited.

  c. At all relevant times Caridi was substantially limited in the major life activities of pushing, lifting, cardiovascular function and the function of the musculoskeletal system.

  d. Caridi is disabled as defined in 42 U.S.C. §12102 and in addition, was regarded as disabled by Defendant.

  e. Beginning in and around November of 2010, Caridi was subjected to severe repeated acts of harassment by the store manager who called him names such as "retard" and "cripple" and repeatedly subjected him to hand gestures that mocked his deformity. Additionally, the store manager altered his duties to include a task that required him to push more weight than permitted by his disability. The harassment culminated in his termination on March 14, 2011.

  f. Other managers were aware the harassment was taking place. Caridi reported the harassment to the human resources official at the Bel Air, Maryland store and to the company's corporate human resources department. Defendant Weis failed to take any remedial action.

  g. On March 14, 2011, Defendant Weis discharged Caridi based on his disabilities.

14. The effect of the practices complained of above in Paragraph 13 has been to deprive Caridi, who was at all times qualified, of equal employment opportunities and otherwise adversely affect

his rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Caridi.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C. Order Defendant to make whole Caridi by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D. Order Defendant to make Caridi whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above.

E.   Order Defendant to make Caridi whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.   Order Defendant to pay Caridi punitive damages for its callous indifference to his federally protected right to be free from discrimination based on disability;

G.   Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H.   Grant such further relief as the Court deems necessary and proper in the public interest; and

I.   Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/S

_____

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/S

_____

ERIC S. THOMPSON
Trial Attorney
Ohio Bar No. 0071956


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 209-2232
Fax: (410) 962-4270